UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18-cv-00248-FDW

| CHERIE G. HODGE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | ORDER |
| NANCY A. BERRYHILL, | ) |  |
| Acting Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

THIS MATTER is before the Court on Plaintiff Cherie B. Hodge's Motion for Summary Judgment (Doc. No. 9), filed January 11, 2019, and Defendant Acting Commissioner of Social Security Nancy A. Berryhill's ("Commissioner") Motion for Summary Judgment (Doc. No. 11), filed March 14, 2019. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Social Security Income ("SSI") and Disability Insurance Benefits ("DIB").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED; the Commissioner's Motion for Summary Judgment is GRANTED; and the Commissioner's decision is AFFIRMED.

I. BACKGROUND

Plaintiff filed an application for Title II and Title XVI benefits on March 23, 2015 (Tr. 13). Plaintiff alleges disability beginning October 8, 2014 (Tr. 13). After his application was denied initially and upon reconsideration, Plaintiff requested a hearing (Tr. 13). After a hearing on September 18, 2017, (Tr. 13), the ALJ issued an unfavorable decision (Tr. 25). Plaintiff's

1

subsequent request for review by the Appeals Council was denied. (Tr. 1). Plaintiff now appeals this decision to this Court.

In the case at bar, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 8, 2014, and meets the insured status requirements through December 31, 2019. (Tr. 16). The ALJ found Plaintiff to have the following severe impairments: "fibromyalgia, osteoarthritis, history of carpal tunnel syndrome, anxiety, and depression (20 CFR 404.1520(c) and 416.920(c))[.]" (Tr. 16). The ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, App. 1. (Tr. 16). The ALJ then found Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with the following additional limitations:

> The claimant is capable of only occasionally stooping; frequent but not continuous overhead reaching with the right upper extremity and frequent but not constant handling with the bilateral upper extremities. She must avoid concentrated exposure to hazards (machinery) and is limited to simple, routine, and repetitive tasks in a stable environment at a nonproduction pace with occasional public contact. She would be off task 9% of an 8-hour workday and can concentrate greater than 2 hours of an 8-hour workday.

(Tr. 18). In response to a hypothetical that factored in Plaintiff's age, education, work experience, and RFC, the vocational expert ("VE") testified that Plaintiff could perform jobs that exist in significant numbers in the national economy, including: merchandise labeler, routing clerk, and work ticket distributor. (Tr. 25). As a result, the ALJ concluded Plaintiff was not disabled, as defined under the Social Security Act, from October 8, 2014, through the date of the ALJ's decision. (Tr. 25). Plaintiff has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step

process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that

4

> could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862. Additionally, the Fourth Circuit in Thomas v. Berryhill, has held "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." Thomas v. Berryhill, No. 17-2215 at *6 (4th Cir. 2019).

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

## III. ANALYSIS

Plaintiff raises two separate issues in this case on appeal. First, Plaintiff contends the ALJ failed to build an accurate and logical bridge between the evidence and the limitations in Plaintiff's RFC. (Doc. No. 10 at 8.) Second, Plaintiff argues the ALJ failed to give specific reasons for the weight afforded to Plaintiff's testimony. Id. at 18. Upon review, this Court finds the ALJ applied the correct legal standards, and the Commissioner's decision is affirmed.

A. RFC Determination

First, Plaintiff challenges whether the ALJ sufficiently explained the basis for the RFC finding. Upon review, this Court cannot re-weigh conflicting evidence or make credibility determinations, Hays, 907 F.2d at 1456, and instead only considers whether "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" exists, Johnson, 434 F.3d at 653 (citations omitted). Further, "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion," the explanation being just as critical a factor as the other two. Thomas, No. 17-2215 at *6.

Here, substantial evidence properly supports the ALJ's RFC determination. In forming the RFC, the ALJ found Plaintiff can perform "simple, routine, repetitive tasks in a stable environment at a nonproduction pace with occasional public contact. She would be off task 9% of an eight-hour workday and can concentrate greater than two hours of an eight-hour workday." (Tr. 18). Plaintiff contends the ALJ did not adequately explain how he determined these limitations were appropriate or how they would accommodate Plaintiff's impairments. (Doc. No. 10 at 9). Plaintiff specifically notes concerns with the ALJ's discussion of Plaintiff's ability to stay on task and interact with others, (Doc. No. 10 at 11, 16), and the alleged harm that resulted from the determination. Id. at 17. Plaintiff alleges the RFC determination "[d]oes not sufficiently account for limitations in concentration, persistence, and pacing." Id. at 12. Additionally, Plaintiff argues the ALJ erred by not including in the RFC a functional limitation regarding Plaintiff's interactions with supervisors. Id. at 16-17. In assessing these limitations, the ALJ weighed the opinions of Dr. Strobel-Nuss and Dr. Kaspar, (Tr. 71, 103), which were consistent with the medical evidence used to evaluate Plaintiff's ability to engage in occasional public contact. (Tr. 18). The ALJ also

properly relied on narrative summaries from the state-agency consultants in formulating the RFC determination. (Tr. 74-75, 107).

Further, Plaintiff argues that if she "had difficulty with accepting instructions from supervisors, she would not be able to perform any work." (Doc. No. 10 at 17). However, the VE's testimony presenting hypothetical limitations, (Tr. 62), and Dictionary of Occupational Titles definitions for all three of the jobs identified for Plaintiff, (Tr. 25), do not support this assertion. Accordingly, Plaintiff has presented no basis for reversal or remand of the ALJ's determination. The ALJ abided by all requisite steps in reaching Plaintiff's RFC determination and the findings are supported by substantial evidence.

B. Weighing of Plaintiff's Testimony

Second, Plaintiff contends the ALJ erred by not providing specific reasons for the weight afforded to her symptom testimony. (Doc. No. 10 at 18). The ALJ's decision expresses two main concerns regarding Plaintiff's testimony:

> "First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision."

(Tr. 24).

Plaintiff, consistent with the ALJ's analysis in this case, notes "it is proper to consider a claimant's statements in relation to the objective evidence," (Doc. No. 10 at 22) (citing Thomas v. Berryhill, No. 4:15-cv-00015-D, 2017 WL 1047253, at *10 (E.D.N.C. Feb. 14, 2017)). The ALJ stated, "It is difficult to attribute th[e] [alleged] degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors considered in this decision." (Tr. 24). In conducting this analysis, the ALJ weighed

7

multiple instances where Plaintiff's testimony appeared to be in conflict with other evidence in the record. The ALJ considered inconsistences in Plaintiff's alleged physical limitations including Plaintiff declining physical therapy and a lack of intervention after she claimed difficulty using her hands, id. at 20-21, 56-57, and alleging 8/10 pain at all times, id. at 55, despite testifying "[s]he is more affected by mental impairments, than physical. Id. at 18. Other inconsistencies factored into the ALJ's analysis included Plaintiff alleging mental impairments such as daily panic attacks, id. at 19, 23, 48, despite no indication of repeated emergency-room visits and her reporting Xanax quickly resolved any problematic symptoms. Id. at 20, 23, 408. Additionally, the ALJ noted that despite Plaintiff alleging disability beginning October 8, 2014, she received unemployment benefits the following year, indicating she claimed she was willing and able to work at that time. Id. at 19, 42-44, 234; see Clark v. Astrue, No. 3:12-cv-00122-MOC, 2012 WL 6728441, at *3 (W.D.N.C. Dec. 28, 2012) (noting receiving unemployment benefits, while not determinable, may support a finding that a plaintiff is not credible). The ALJ thoroughly discussed and factored multiple instances of such inconsistencies into his analysis when evaluating the veracity of Plaintiff's alleged limitations. Therefore, the Court finds the ALJ sufficiently evaluated Plaintiff's subjective statements as supported by substantial evidence.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED; the Commissioner's Motion for Summary Judgment (Doc. No. 11) is GRANTED; and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Signed: April 23, 2019

Frank D. Whitney
Chief United States District Judge